UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


FRANK NALI,

    Plaintiff,                              CIVIL ACTION NO. 06-10205

  v.                                       DISTRICT JUDGE AVERN COHN

MICHIGAN DEPARTMENT OF        MAGISTRATE JUDGE VIRGINIA MORGAN
CORRECTIONS, MACOMB
CORRECTIONAL FACILITY, HUGH
WOLFENBERGER, DR. L. NINO, A.D.W.
COOK, A.D.W. G. SCOTT, A.R.U.M. C.
WILLIAMS, ST. LOUIS CORRECTIONAL
FACILITY, DR. SNOW, OFFICER
DANIELS, ANDRES OSTERHOFF,
DENZIL MALE, RON SOUZA, R.U.M.
SCOTT, A.R.U.M. T. MOORE, MR. RIVARD,
K. LOOMIS, P. RENICO, SGT. WELK,
P. CARUSO, MR. DOVE, MR. G. HEISLER,
S. SPICER, SGT. GONZALES, LT. COLE,
SAGINAW CORRECTIONAL FACILITY,
J. TROMBLEY, BALCARCET, T. VALORIE,
K. FUNK, S. KUHLOFF, OFFICER ANDRES,
CORRECTIONAL MEDICAL SERVICES,
CITY OF ST. LOUIS, SGT. WELLS, S. CHESTER,
S. MEPHAN, R. McCONKIE, M. PRYSBY and
MAYOR OF ST. LOUIS,

    Defendants.
_____/

**REPORT AND RECOMMENDATION TO GRANT
MOTION TO DISMISS FILED BY THE CITY OF ST. LOUIS, MICHIGAN**

This is one of many, many *pro se* prisoner civil rights action filed by plaintiff.[1] In the instant case, plaintiff named thirty-one defendants and twenty one counts. Many of these allege unrelated claims, and the case could be dismissed for improper joinder. See, FRCP Rule 20.[2] In his initial complaint, plaintiff, who apparently holds both medical and law degrees,[3] violated FRCP Rule 8 in that he failed to set forth a short, plain statement of the case. Plaintiff was ordered to file an amended complaint. He did so.[4]

Certain defendants have now filed motions for summary judgment and/or to dismiss. Currently before the court is the motion of the City of St. Louis to dismiss the state law claim against it. That claim is before the court only pursuant to our supplemental jurisdiction, see 28 U.S.C. §1367. For the reasons discussed in this Report, plaintiff's complaint against the City is frivolous. It is recommended that the City's motion be granted, that the City of St. Louis be dismissed and consequently that the officials of the City who may be named as defendants–the

---

[1] It is unclear how plaintiff avoided dismissal at the outset. He has filed at least 20 cases and this district. Several additional cases filed in the Western District have been dismissed and noted as "strikes." In addition, all of his causes of action appear to have arisen in the Western District of Michigan, where he is currently housed.

[2] This would subject plaintiff to filing separate lawsuits, for which he would have to either pay a filing fee or seek separate approval to proceed *in forma pauperis*.

[3] As stated by the Michigan Court of Appeals in another of Mr. Nali's cases, plaintiff "is highly educated and holds both medical and law degrees." *People of the State of Michigan v. Frank Nali*, dkt. 54, ex. H at 2, (unpublished) cited in *Nali v. City of Grosse Pointe Woods* 2005 WL 4542882, fn.2 (E.D. MI, Binder, MJ)

[4] It is arguable as to whether the amended complaint complies with Rule 8. The complaint could well be dismissed on that ground.

Mayor, R. McCorkie (the Manager), M. Prysby (the Water Department Engineer), and S. Mephan (the Water Superintendent), also be dismissed with prejudice.

*Standard of Review*

Defendant City moves to dismiss pursuant to Fed. R. Civ. Pro. 12(b)(6). Rule 12(b)(6) permits a district court to dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted." In considering whether to grant a defendant's motion to dismiss pursuant to Rule 12(b)(6), a district court must accept as true all the allegations contained in the complaint and construe the complaint liberally in favor of the plaintiff. Kottmyer v. Maas, 436 F.3d 684, 688 (6th Cir. 2006). A district court need not, however, accept as true legal conclusions or unwarranted factual inferences. Kottmyer, 436 F.3d at 688.

The United States Supreme Court has recently clarified the law with respect to what a plaintiff must plead in order to survive a Rule 12(b)(6) motion. Bell Atl. Corp. v. Twombly, __ U.S. __, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). See also Association of Cleveland Fire Fighters v. City of Cleveland, Ohio, 502 F.3d 545, 548 (6th Cir. 2007). In that case, the Supreme Court stated that "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 127 S.Ct. at 1964-65 (citations and quotation marks omitted). Additionally, the Court emphasized that, even though a complaint need not contain "detailed" factual allegations, its "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true." Twombly, 127 S.Ct. at 1964-65 (internal citation and quotation marks omitted). In so holding,

the Court disavowed the oft-quoted Rule 12(b)(6) standard of Conley v. Gibson, 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957) (recognizing "the accepted rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief"), characterizing that rule as one "best forgotten as an incomplete, negative gloss on an accepted pleading standard." Twombly, 127 S.Ct. at 1969.

When the court considers materials submitted in addition to the pleadings, Federal Rule of Civil Procedure 12(b) provides that "the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56." Rule 56 of the Federal Rules of Civil Procedure, provides in pertinent part:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

In ruling on a motion for summary judgment, the Supreme Court's decision in Celotex Corp. v. Catrett, 477 U.S. 317 (1986), provides guidance. The Court rejected a standard which required moving parties to support their motions for summary judgment with an affirmative evidentiary showing which tended to negate the essential elements of plaintiff's case. Id., 477 U.S. at 324. Instead the Court said, "the burden on the moving party may be discharged by 'showing' - that is, pointing out to the district court - that there is an absence of evidence to support the non-moving party's case." Id. Of course, "inferences to be drawn from the underlying facts must be viewed in the light most favorable to the party opposing the motion."

Matsushita Electric Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 587-588 (1986). Once the moving party has made this showing, the burden passes to the non-moving party to go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial. Id.; see also, Roby v. Center Companies, 679 F.Supp. 664 (E.D. Mich. 1987).

*Background*

On January 17, 2006, plaintiff initiated this action, alleging numerous state and federal claims. He seeks over a million dollars in damages. Included in the twenty-one count amended complaint are his claims in Counts III and IV, both alleging gross negligence, against the City of St. Louis and its officials. These claims arise from plaintiff's complaints about the water at the Michigan Department of Corrections (MDOC) St. Louis facility where plaintiff was at one time housed. Plaintiff alleges that the City is liable in negligence for providing him and other inmates water which was contaminated and in failing to correct the problem of contaminated water. The water allegedly caused him to suffer skin rashes and inflamed joints. (¶ 26-36).

*Legal Analysis*

The City argues that it is entitled to a complete dismissal of plaintiff's amended complaint (counts III and IV) on the grounds that the claims are barred by absolute governmental immunity under Michigan law, as afforded Michigan Municipal Corporations. The court agrees.

Michigan law, MCL 691.1407(1), provides that, absent a statutory exemption, a governmental agency is immune from tort liability if the agency is engaged in "the exercise or discharge of a governmental function." A governmental function is an activity that is expressly

or impliedly mandated or authorized by constitution, statute, local charter or ordinance, or other law. MCL 691.1401(f), see also *State Farm Fire & Cas. Co. v. Corby Energy Services Inc.*, 271 Mich App 480, 483-484 (2006). The City of St. Louis is a Michigan Municipal Corporation, MCL 117.1. As a "political subdivision," it is a "governmental agency" for the purposes of governmental immunity. MCL 691.1401(b), (d). Municipalities, such as the City of St. Louis, are authorized by law (the Michigan Constitution and statute) to operate public utilities such as the City's water department. Const. 1963, art. 7; §24, MCL 117.4f(c).

No statutory exemption applies and plaintiff has raised none. Although he states that there can be no governmental immunity for conduct that violates his constitutional rights, he cites no cases that would hold the City liable in these circumstances. He cites no cases nor any example where the Michigan legislature has expressly or implicitly waived or abrogated immunity for a situation like this. The only exception for governmental immunity in circumstances here would be if the activity of the City were proprietary in nature. *Coleman v. Kootsillas*, 456 Mich. 615 (1998) (cited by defendant). To be proprietary, the activity must be conducted primarily for the purpose of producing a pecuniary profit and cannot be normally supported by taxes or fees. MCL 691.1413, *Coleman* at 621. However, pursuant to the City charter, the operation and maintenance of the water supply system are reserved to the City. Pursuant to ordinance, the revenues are collected from taxes and fees, excess funds are applied toward future costs of the system, and water services are not provided for a pecuniary profit. See, Section 66-95.1 of City of St. Louis Code of Ordinances.

The Michigan Court of Appeals has clearly held that the operation of a municipal water supply system constitutes a governmental function for tort immunity purposes. *State Farm Government & Cas. Co. v. Corby Energy Services Inc.*, 271 Mich. App. 480, 483-484 (2006). "[O]peration of the water department is not a proprietary activity . ." *Davis v. City of Detroit*, 269 Mich. App. 376, 379 (2005). See also, *Citizens Insurance Co. v Bloomfield Twp*., 209 Mich. App. 484, 487 (1994). Applying Michigan law, Judge Feikens held that a city water and sewage department is engaged in a "governmental function" when providing water and sewage services, and this is entitled to governmental immunity from common law tort claims. *Elsag Bailey, Inc. v. City of Detroit*, 975 F. Supp. 981 (E.D. MI 1997).

Thus, the City of St. Louis is entitled to immunity from suit for tort liability for actions undertaken in the operation of its water department.

*Individual Defendants*

Plaintiff lists various officials of the City of St. Louis and its water department in Count III and Count IV. These include the Mayor (unidentified), R. McCorkie, manager, M. Prysby, the engineer of the water department, and S. Mephan, the water superintendent. These persons are not listed as defendants on the docket and do not appear to have been served. Thus, they are not before the court's jurisdiction and should be dismissed. See, *Amen v. City of Dearborn*, 532 F.2d 554, 557 (6th Cir. 1976)(reversed on other grounds).

In addition, plaintiff alleges no facts from which any involvement on their part could be inferred. It appears that plaintiff sues them only in their official capacity and for actions within the scope of their employment. Under MCL 691.1407(2), an officer or employee of a

governmental agency is immune where (a) the officer or employee was acting or reasonably believed he was acting within the scope of his authority, (b) the governmental agency was engaged in a governmental function, and (c) the officer's or employee's conduct did not amount to gross negligence that is the proximate cause of the injury or damage. *Cluley v. Lansing Bd. of Water and Light*, 2006 WL 551351, *4 (Mich. App.2006) (unpublished). Here there are not facts alleged from which gross negligence nor causation could even be inferred. See also, MCL 691.1407(5) which provides immunity and simply requires that the employee act within the scope of his authority. *Id*. Further, plaintiff has not satisfied the requirement to allege that the conduct of governmental employees be "the" proximate cause of injury in order to subject them to individual liability. No facts or inferences support a conclusion that the "conduct" in question was the one most immediate, efficient, and direct cause of the harm. *Robinson v. City of Detroit* 462 Mich. 439, 613 N.W.2d 307 (Mich., 2000). Because the allegations are conclusory, without factual allegations, and because the City is entitled to absolute immunity from suit on the basis of governmental function, it is recommended that to the extent that these individuals are named defendants, they be dismissed with prejudice.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. <u>Thomas v. Arn</u>, 474 U.S. 140 (1985); <u>Howard v. Secretary of HHS</u>, 932 F.2d 505, 508 (6th Cir. 1991); <u>United States v. Walters</u>, 638 F.2d 947, 949-50 (6th Cir. 1981). The filing of objections which raise some issues,

but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. Willis v. Secretary of HHS, 931 F.2d 390, 401 (6th Cir. 1991); Smith v. Detroit Fed'n of Teachers Local 231, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be no more than 20 pages in length unless, by motion and order, the page limit is extended by the court. The response shall address each issue contained within the objections specifically and in the same order raised.

        s/Virginia M. Morgan
        Virginia M. Morgan
        United States Magistrate Judge

Dated: January 8, 2008

---

**PROOF OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and plaintiff via the Court's ECF System and/or U. S. Mail on January 8, 2008.

        s/Jane Johnson
        Case Manager to
        Magistrate Judge Virginia M. Morgan