UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


FRANK NALI,

        Plaintiff,                    CIVIL ACTION NO. 06-10205

   v.                                     DISTRICT JUDGE AVERN COHN

MICHIGAN DEPARTMENT OF        MAGISTRATE JUDGE VIRGINIA MORGAN
CORRECTIONS, MACOMB
CORRECTIONAL FACILITY, HUGH
WOLFENBERGER, DR. L. NINO, A.D.W.
COOK, A.D.W. G. SCOTT, A.R.U.M. C.
WILLIAMS, ST. LOUIS CORRECTIONAL
FACILITY, DR. SNOW, OFFICER
DANIELS, ANDRES OSTERHOFF,
DENZIL MALE, RON SOUZA, R.U.M.
SCOTT, A.R.U.M. T. MOORE, MR. RIVARD,
K. LOOMIS, P. RENICO, SGT. WELK,
P. CARUSO, MR. DOVE, MR. G. HEISLER,
S. SPICER, SGT. GONZALES, LT. COLE,
SAGINAW CORRECTIONAL FACILITY,
J. TROMBLEY, BALCARCET, T. VALORIE,
K. FUNK, S. KUHLOFF, OFFICER ANDRES,
CORRECTIONAL MEDICAL SERVICES,
CITY OF ST. LOUIS, SGT. WELLS, S. CHESTER,
S. MEPHAN, R. McCONKIE, M. PRYSBY and
MAYOR OF ST. LOUIS,

        Defendants.
_____/

**OPINION AND ORDER GRANTING DEFENDANTS' MOTION
FOR ACCESS TO PLAINTIFF'S MEDICAL RECORDS
AND FOR PLAINTIFF TO PROVIDE GRIEVANCES**

       This is one of several *pro se* prisoner civil rights action filed by plaintiff who is in the

custody of the Michigan Department of Corrections. The case is before the court on the motion

of CMS and Dr. Nino for access to plaintiff's medical records (D/E 83).

       Plaintiff sues numerous defendants for various violations of his constitutional rights. The

claims against these defendants involve allegations of Eighth Amendment violations associated

- 1 -

with services provided through Correctional Medical Services.  Plaintiff claims that defendants were deliberately indifferent to his medical problems, denying him, *inter alia*, needed medication for his chest pain and arthritis.  These defendants seek access to plaintiff's medical records in order to respond to the claims.

For the reasons stated in this opinion, IT IS ORDERED that the motion IS GRANTED.

IT IS FURTHER ORDERED that on or before February 1, 2008, plaintiff shall provide to counsel for defendants Correctional Medical Services and Dr. Nino a signed release for medical records (i.e., an MDOC Patient's Authorization for Disclosure of Health Records) and copies of all grievances that he filed against Dr. Nino and other personnel of Correctional Medical Services.  If these documents are not so provided, it is recommended that the case against CMS and Dr. Nino be dismissed with prejudice.

Based on the number of cases previously filed by plaintiff, the court finds that plaintiff is an experienced litigator and should well understand his obligation to comply with discovery concerns.  Plaintiff also appears to hold medical and legal degrees.  See, *Nali v. City of Grosse Pointe Woods,* 2005 WL 4542882, fn. 2.  Defendants sent plaintiff an MDOC Patient's Authorization for Disclosure of Health Records on or about September 27, 2007.  (Ex. A to Motion)  He did not respond.  Counsel followed up with a formal request for Production of Documents requesting medical records or a signed medical release by November 12, 2007.  Plaintiff denied access to the same, and he stated the request was vague and over-broad.  He responded that defendants needed to be more specific.  (Ex. C to Motion)  Defendants now move to compel authorization for release of medical records.

In this case, plaintiff alleges constitutional violations related to denial of medical care during a substantial period of time and when he was housed in at least three different MDOC

facilities–Macomb, St. Louis, and Saginaw.[1]  In *Estelle v. Gamble*, 429 U.S. 97, 97 S.Ct. 285, 292, 50 L.Ed. 2d 251 (1976), the Supreme Court held that "deliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain,' *Gregg v. Georgia*, 428 U.S. 153 at 173, 96 S.Ct. 2909 at 2925, 49 L.Ed. 2d 859 (1976), proscribed by the Eighth Amendment." 429 U.S. 104.  This standard is two- pronged.  The plaintiff must establish deliberate indifference on the part of prison officials and must also demonstrate that the prisoner's medical needs were serious.  *Ramos v. Lamm*, 639 F.2d 559, 575 (10th Cir. 1980); *West v. Keve*, 571 F.2d 158, 161 (3rd Cir. 1978).

It is settled that a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim for medical mistreatment under the Eighth Amendment.  Medical malpractice does not rise to the level of a constitutional violation merely because the victim is a prisoner.  *Estelle v. Gamble*, 429 U.S. at 106.  In order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs.  Where there is an ongoing pattern of treatment, the prisoner's constitutional rights are not infringed.  In *Estelle*, for example, the prisoner contended that more should have been done by way of diagnosis and treatment, and suggested a number of options which had not been pursued by the prisoner's doctor.  The Court concluded, however, that the decision to order additional diagnostic tests or treatment was a classic example of the exercise of medical judgment and did not represent cruel and unusual punishment.  *Id*. at 107.

Rule 26 provides that a party may obtain discovery of any matter, not privileged, which is relevant to the subject matter of the litigation.  Plaintiff's medical records are relevant to his claims for denial of medical care and, as noted by defendants, there is no federal physician-

---

[1] He also brings multiple claims against custody and correctional staff unrelated to the medical claims.

patient privilege. *Hancock v. Dodson*, 958 F.2d 1367, 1373 (6th Cir. 1992). To the extent there is a privilege under state law and plaintiff raises state claims here, plaintiff has waived the same by putting his medical condition and treatment at issue.

In addition, plaintiff's medical records and any grievances related thereto bear on the issue of exhaustion of administrative remedies, an affirmative defense which defendants have the burden to show. See, *Jones v. Bock*, 127 S.Ct. 910, 916 (2007). Thus, plaintiff must produce these grievances so that defendants will have the necessary information to raise the defense if warranted. If there are no such grievances, plaintiff shall so state.[2]

Therefore, IT IS ORDERED that on or before FEBRUARY 1, 2008, plaintiff must provide the following to counsel for defendants CMS and Dr. Nino:

1. Signed authorization for Disclosure of Health Information (Blank Form attached to this Order).

2. Copies of all grievances against CMS personnel and Dr. Nino or a statement that no such grievances were filed.

IT IS FURTHER ORDERED that failure to provide the same in a timely manner will result in a recommendation to dismiss the case against these defendants with prejudice.

SO ORDERED.

s/Virginia M. Morgan
Virginia M. Morgan
United States Magistrate Judge

Dated: January 8, 2008

---

[2] It should be noted that in defendants' Motion to Dismiss (D/E 79), they represent that at deposition, plaintiff denied filing any grievances relevant to them.

**PROOF OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and plaintiff via the Court's ECF System and/or U. S. Mail on January 8, 2008.

                                                s/Jane Johnson
                                                Case Manager to
                                                Magistrate Judge Virginia M. Morgan