UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FRANK NALI,

        Plaintiff,                      CIVIL ACTION NO. 06-10205

    v.                                    DISTRICT JUDGE AVERN COHN

MICHIGAN DEPARTMENT OF          MAGISTRATE JUDGE VIRGINIA MORGAN
CORRECTIONS, MACOMB
CORRECTIONAL FACILITY, HUGH
WOLFENBERGER, DR. L. NINO, A.D.W.
COOK, A.D.W. G. SCOTT, A.R.U.M. C.
WILLIAMS, ST. LOUIS CORRECTIONAL
FACILITY, DR. SNOW, OFFICER
DANIELS, ANDRES OSTERHOFF,
DENZIL MALE, RON SOUZA, R.U.M.
SCOTT, A.R.U.M. T. MOORE, MR. RIVARD,
K. LOOMIS, P. RENICO, SGT. WELK,
P. CARUSO, MR. DOVE, MR. G. HEISLER,
S. SPICER, SGT. GONZALES, LT. COLE,
SAGINAW CORRECTIONAL FACILITY,
J. TROMBLEY, BALCARCET, T. VALORIE,
K. FUNK, S. KUHLOFF, OFFICER ANDRES,
CORRECTIONAL MEDICAL SERVICES,
CITY OF ST. LOUIS, SGT. WELLS, S. CHESTER,
S. MEPHAN, R. McCONKIE, M. PRYSBY and
MAYOR OF ST. LOUIS,

        Defendants.
_____/

**REPORT AND RECOMMENDATION TO GRANT MOTION TO DISMISS
FILED BY DEFENDANTS NINO AND CORRECTIONAL MEDICAL SERVICES**

      This is one of several *pro se* prisoner civil rights action filed by plaintiff.[1]  Before the

court is the Motion to Dismiss (D/E 79) filed by Dr. Louis Nino and Correctional Medical

---

[1]It is unclear how plaintiff avoided dismissal at the outset.  He has filed at least 20 cases and this district.  Several additional cases filed in the Western District have been dismissed and noted as "strikes."

Services. In his initial complaint, plaintiff, who apparently holds both medical and law degrees,[2] violated Fed.R.Civ.P. Rule 8 in that he failed to set forth a short, plain statement of the case. Plaintiff was ordered to file an amended complaint. He did so. For the reasons discussed in this Report, plaintiff's complaint against the defendants should be dismissed on the grounds that plaintiff has failed to exhaust his administrative remedies. It is recommended that the defendants' motion be granted, and that Correctional Medical Services and Dr. Louis Nino be dismissed.

**Standard of Review**

Defendants CMS and Dr. Nino move to dismiss pursuant to Fed.R.Civ.Pro. 12(b)(6) and 42 U.S.C. § 1997e for failure to exhaust administrative remedies. Rule 12(b)(6) permits a district court to dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted." In considering whether to grant a defendant's motion to dismiss pursuant to Rule 12(b)(6) a district court must accept as true all the allegations contained in the complaint and construe the complaint liberally in favor of the plaintiff. Kottmyer v. Maas, 436 F.3d 684, 688 (6th Cir. 2006). A district court need not, however, accept as true legal conclusions or unwarranted factual inferences. Kottmyer, 436 F.3d at 688.

The United States Supreme Court has recently clarified the law with respect to what a plaintiff must plead in order to survive a Rule 12(b)(6) motion. Bell Atl. Corp. v. Twombly, __ U.S. __, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). See also Association of Cleveland Fire Fighters v. City of Cleveland, Ohio, 502 F.3d 545, 548 (6th Cir. 2007). In that case, the Supreme Court stated that "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a

---

[2] As stated by the Michigan Court of Appeals in another of Mr. Nali's cases, plaintiff "is highly educated and holds both medical and law degrees." *People of the State of Michigan v. Frank Nali*, Dkt. 54, Ex. H at 2, (unpublished) cited in *Nali v. City of Grosse Pointe Woods* 2005 WL 4542881, fn.2 (E.D. MI, Binder, MJ)

cause of action will not do." Twombly, 127 S.Ct. at 1964-65 (citations and quotation marks omitted). Additionally, the Court emphasized that, even though a complaint need not contain "detailed" factual allegations, its "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true." Twombly, 127 S.Ct. at 1964-65 (internal citation and quotation marks omitted). In so holding, the Court disavowed the oft-quoted Rule 12(b)(6) standard of Conley v. Gibson, 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957) (recognizing "the accepted rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief"), characterizing that rule as one "best forgotten as an incomplete, negative gloss on an accepted pleading standard." Twombly, 127 S.Ct. at 1969.

When the court considers materials submitted in addition to the pleadings, Federal Rule of Civil Procedure 12(b) provides that "the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56." Rule 56 of the Federal Rules of Civil Procedure, provides in pertinent part:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

In ruling on a motion for summary judgment, the Supreme Court's decision in Celotex Corp. v. Catrett, 477 U.S. 317 (1986), provides guidance. The Court rejected a standard which required moving parties to support their motions for summary judgment with an affirmative evidentiary showing which tended to negate the essential elements of plaintiff's case. Id. 477 U.S. at 324. Instead the Court said, "the burden on the moving party may be discharged by 'showing' - that is, pointing out to the district court - that there is an absence of evidence to support the non-moving party's case." Id. Of course, "inferences to be drawn from the

underlying facts must be viewed in the light most favorable to the party opposing the motion." Matsushita Electric Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 587-588 (1986). Once the moving party has made this showing, the burden passes to the non-moving party to go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial. Id.; see also, Roby v. Center Companies, 679 F.Supp. 664 (E.D. Mich. 1987).

**Failure to Exhaust Administrative Remedies**

Under 42 U.S.C. § 1997e(a), an inmate must exhaust his administrative remedies prior to filing an action under federal law regarding the conditions of his confinement. The exhaustion requirement of § 1997e(a) "applies to all inmate suits, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." Porter v. Nussle, 534 U.S. 516, 532, 122 S.Ct. 983, 992 (2002). The prisoner bears the burden of establishing exhaustion under § 1997e(a). Brown v. Toombs, 139 F.3d 1102, 1104 (6th Cir. 1998). In order to carry that burden, the prisoner must allege that he exhausted all available administrative remedies and must either attach documentation to his complaint showing the administrative disposition of any grievances he filed or describe the administrative proceedings and the outcome thereof with specificity. Knuckles El v. Toombs, 215 F.3d 640, 642 (6th Cir. 2000). Further, "a prisoner must administratively exhaust his or her claim as to each defendant associated with the claim." Burton v. Jones, 321 F.3d 569, 575 (6th Cir. 2003).

**Background**

On January 17, 2006, plaintiff initiated this action under 42 U.S.C. § 1983, alleging numerous state and federal claims. He seeks over a million dollars in damages. Included in the amended complaints are his claims alleging denial of medical care. These claims arise from plaintiff's complaints about severe hip pain, chest pain, and pain and swelling in his left middle finger due to arthritis and alleged lack of treatment by defendants. (¶16, 57) Plaintiff alleges, with respect to Dr. Nino and CMS, that "from 4-18-03 to about four or five weeks thereafter,

while housed at Macomb Regional Facility, [defendants] deprived plaintiff of his right to medical care by failing to provide plaintiff with his medications, including his heart medicine, in a timely manner even after plaintiff had complained of chest pains and other related medical conditions."[3]

**Legal Analysis**

Plaintiff contends that defendants were deliberately indifferent to his medical needs in violation of the Eighth Amendment. In <u>Estelle v. Gamble</u>, 429 U.S. 97, 97 S.Ct. 285, 292, 50 L.Ed. 2d 251 (1976), the Supreme Court held that "deliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain,' <u>Gregg v. Georgia</u>, 428 U.S. 153 at 173, 96 S.Ct. 2909 at 2925, 49 L.Ed. 2d 859 (1976), proscribed by the Eighth Amendment." 429 U.S. 104. This standard is two- pronged. The plaintiff must establish deliberate indifference on the part of prison officials and must also demonstrate that the prisoner's medical needs were serious. <u>Ramos v. Lamm</u>, 639 F.2d 559, 575 (10th Cir. 1980); <u>West v. Keve</u>, 571 F.2d 158, 161 (3rd Cir. 1978).

It is settled that a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim for medical mistreatment under the Eighth Amendment. Medical malpractice does not rise to the level of a constitutional violation merely because the victim is a prisoner. <u>Estelle v. Gamble</u>, 429 U.S. at 106. In order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs. Where there is an ongoing pattern of treatment, the prisoner's constitutional rights are not infringed. In <u>Estelle</u>, for example, the prisoner contended that more should have been done by way of diagnosis and treatment, and suggested a

---

[3]These claims are also made against the MDOC defendants and are addressed in the separate Report & Recommendation on their motion.

number of options which had not been pursued by the prisoner's doctor.  The Court concluded, however, that the decision to order additional diagnostic tests or treatment was a classic example of the exercise of medical judgment and did not represent cruel and unusual punishment.  Id. at 107.  A prisoner challenging official conduct that is alleged to violate the Eighth Amendment must demonstrate both (1) a sufficiently serious deprivation and (2) that officials acted with a sufficiently culpable state of mind.  Rhodes v. Chapman, 452 U.S. 337, 347-49 (1981); Wilson v. Seiter, 501 U.S. 294, 298 (1991).  An official's mere negligence or even medical malpractice does not constitute deliberate indifference.  Wilson at 305.

The claims against Dr. Nino and any other individual CMS defendants should be dismissed for failure to properly exhaust administrative remedies.  Plaintiff has not filed any grievances naming such person.  He filed a Step I grievance on or about 4-18-03 or 4-24-03 which was received on 4-28-03.  (Ex. 2)  He did not name any of these defendants.  Plaintiff had sent a kite to the nurse, indicating he was apparently out of medication.  Plaintiff had a medical appointment for 4/22/03 but did not show up.  It was rescheduled to 5/1/03.  He was seen by Dr. Nino and had a left knee x-ray, was given wrist splints and Lovastatin, Nitro-Bid, Naproxin, Atenolol and Aspirin were ordered for him.  Further, the grievance was not timely appealed to Step II as plaintiff waited two years to do so.  No explanation is given by plaintiff for the delayed appeal.  Plaintiff had been transferred by that time, along with his medical records.

Plaintiff also alleges deliberate indifference at the St. Louis facility to his medical needs related to arthritis.  In this count, plaintiff alleges deliberate indifference to his medical needs related to hip pain and pain and swelling in his left middle finger due to arthritis flare-ups in June, 2004.  It is not clear if he is suing CMS.  He grieved an unidentified "nurse."  (Ex. 10)  Plaintiff requested to see Healthcare on June 11, 2004, for severe hip pain.  On that date, he ambulated to Healthcare to pick up medication with no alteration in gait and no complaints.  He was seen by a doctor on June 16, 2004, at which time he conceded that he had not tried any over

the counter medication as previously directed because no one ever told him he should "try" the OTC medication to see if it would work.[4] He declined to discuss the grievance further. Subsequently he was seen for his annual health screen (given to all inmates over 40 years of age) in August as a routine visit with the doctor. He had medication for pain management and had no complaints. (Ex. 10) He also alleges that in late July his left middle finger was swollen and painful for a month. He claims he was refused medication for his arthritis. Plaintiff was seen July 27, 2004, by the RN and scheduled him with the physician for the next routine space available, which was 8/13/04. At that time, plaintiff was seen by the doctor, medications were ordered for pain, and x-rays were ordered for the finger. Plaintiff refused x-ray on August 20, 2004, saying that it was a waste of time because "they aren't going to show anything." Plaintiff has failed to allege facts indicating deliberate indifference in violation of the Eighth Amendment, or even that he was denied timely medical are for a non-urgent matter by any of these defendants or others in the prison system.

It also must be concluded that plaintiff's allegations fail to state a claim. Indeed, they show a regular and ongoing course of medical treatment for his conditions and complaints. He has received medication, offered x-rays, annual check ups, and other services. There are no facts alleged from which a reasonable trier of fact could conclude that defendants were deliberately indifferent to his needs.

The claims against CMS as an entity should also be dismissed. There is no constitutional violation shown, and no evidence that any pattern or practice of CMS was the moving force behind any constitutional violation. See, Dunn v. State of Tennessee, 697 F.2d 121, 128 (6th Cir. 1983). When a plaintiff relies on the theory of *respondeat superior* to hold a corporation liable, he must allege a policy or custom that demonstrates such deliberate indifference. Sample

---

[4]Given plaintiff's background as a medical doctor, the statement appears somewhat disingenuous.

v. Diecks, 885 F.2d 1099, 1110 (3d Cir. 1989); Miller v. Correctional Med. Sys., Inc., 802 F.Supp. 1126, 1132 (D. Del.1992). In order to establish that CMS is directly liable for the alleged constitutional violations, plaintiff "must provide evidence that there was a relevant [CMS] policy or custom, and that the policy caused the constitutional violation[s] [plaintiff] allege[s]." Natale v. Camden County Corr. Facility, 318 F.3d 575, 584 (3d Cir. 2003) (because *respondeat superior* or vicarious liability cannot be a basis for liability under 42 U.S.C. § 1983, a corporation under contract with the state cannot be held liable for the acts of its employees and agents under those theories). Plaintiff has not alleged facts from which the same could be inferred and he has not stated a claim against CMS.

**Conclusion**

The plaintiff has alleged dissatisfaction with his medical care while in prison. However, he has alleged no facts supportive of any constitutional violations. He has received regular and appropriate medical care on an ongoing basis and otherwise treated consistent with his constitutional rights and legitimate penological interests. It is recommended that the case as to all the defendants, served and unserved, be dismissed with prejudice and that this case be counted as a "strike" pursuant to the Prison Litigation Reform Act (PLRA).

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. Thomas v. Arn, 474 U.S. 140 (1985); Howard v. Secretary of HHS, 932 F.2d 505, 508 (6th Cir. 1991); United States v. Walters, 638 F.2d 947, 949-50 (6th Cir. 1981). The filing of objections which raise some issues, but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. Willis v. Secretary of HHS, 931 F.2d 390, 401 (6th Cir.

1991); Smith v. Detroit Fed'n of Teachers Local 231, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be no more than 20 pages in length unless, by motion and order, the page limit is extended by the court. The response shall address each issue contained within the objections specifically and in the same order raised.

s/Virginia M. Morgan
Virginia M. Morgan
United States Magistrate Judge

Dated: February 27, 2008

## PROOF OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and plaintiff via the Court's ECF System and/or U. S. Mail on February 27, 2008.

s/Jane Johnson
Case Manager to
Magistrate Judge Virginia M. Morgan