UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FRANK NALI,

       Plaintiff,                CIVIL ACTION NO. 06-10205

   v.                             DISTRICT JUDGE AVERN COHN

MICHIGAN DEPARTMENT OF        MAGISTRATE JUDGE VIRGINIA MORGAN
CORRECTIONS, MACOMB
CORRECTIONAL FACILITY, HUGH
WOLFENBERGER, DR. L. NINO, A.D.W.
COOK, A.D.W. G. SCOTT, A.R.U.M. C.
WILLIAMS, ST. LOUIS CORRECTIONAL
FACILITY, DR. SNOW, OFFICER
DANIELS, ANDRES OSTERHOFF,
DENZIL MALE, RON SOUZA, R.U.M.
SCOTT, A.R.U.M. T. MOORE, MR. RIVARD,
K. LOOMIS, P. RENICO, SGT. WELK,
P. CARUSO, MR. DOVE, MR. G. HEISLER,
S. SPICER, SGT. GONZALES, LT. COLE,
SAGINAW CORRECTIONAL FACILITY,
J. TROMBLEY, BALCARCET, T. VALORIE,
K. FUNK, S. KUHLOFF, OFFICER ANDRES,
CORRECTIONAL MEDICAL SERVICES,
CITY OF ST. LOUIS, SGT. WELLS, S. CHESTER,
S. MEPHAN, R. McCONKIE, M. PRYSBY and
MAYOR OF ST. LOUIS,

       Defendants.
_____/

OPINION AND ORDER DENYING MOTION TO REISSUE SUMMONS AND COMPEL
THE MARSHAL'S OFFICE TO SERVE COMPLAINT
UPON DR. SNOW, P. RENICO, AND S. SPICER

This is one of several *pro se* prisoner civil rights action filed by plaintiff. Before the court is the plaintiff's Motion to Reissue the Summons and Complaint for Service upon Snow, Renico, and Spicer. (D/E 84) For the reasons discussed in opinion, IT IS ORDERED THAT THE MOTION IS DENIED.

**Background**

On January 17, 2006, plaintiff, a state prisoner in the custody of the Michigan Department of Corrections (MDOC), initiated this *pro se* action under 42 U.S.C. § 1983, alleging numerous state and federal claims against more than twenty defendants. He seeks over a million dollars in damages. Included in the two amended complaints are his claims related to these unserved individuals. In his claim alleging denial of medical care, Count IV of Second amended complaint, he alleges that Dr. Snow refused to x-ray his hip. In his claims about the water at the MDOC St. Louis facility (Count III Negligence), he mentions Renico but has not named him as a defendant in the caption of the complaint. In his claims for violation of due process (Count VI) related to a misconduct hearing and refusal to permit him to present "vital evidence" in his defense resulting in loss of privileges (LOP) for two weeks and a "permanent mark on his record," he references Spicer but does not identify the date, the role Spicer played, or what that vital evidence would have been offered.

**Legal Analysis**

Plaintiff asks for the summons to be reissued and service of the complaint (or Amended Complaints) be compelled. This is not necessary.

**A. Dr. Snow:**

Plaintiff contends that Dr. Snow was deliberately indifferent to his medical needs in violation of the Eighth Amendment. In Estelle v. Gamble, 429 U.S. 97, 97 S.Ct. 285, 292, 50 L.Ed. 2d 251 (1976), the Supreme Court held that "deliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain,' Gregg v. Georgia, 428 U.S. 153 at 173, 96 S.Ct. 2909 at 2925, 49 L.Ed. 2d 859 (1976), proscribed by the Eighth Amendment." 429 U.S. 104. This standard is two- pronged. The plaintiff must establish deliberate indifference on the part of prison officials and must also demonstrate that the

prisoner's medical needs were serious.  Ramos v. Lamm, 639 F.2d 559, 575 (10th Cir. 1980); West v. Keve, 571 F.2d 158, 161 (3rd Cir. 1978).

It is settled that a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim for medical mistreatment under the Eighth Amendment.  Medical malpractice does not rise to the level of a constitutional violation merely because the victim is a prisoner.  Estelle v. Gamble, 429 U.S. at 106.  In order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs.  Where there is an ongoing pattern of treatment, the prisoner's constitutional rights are not infringed.  In Estelle, for example, the prisoner contended that more should have been done by way of diagnosis and treatment, and suggested a number of options which had not been pursued by the prisoner's doctor.  The Court concluded, however, that the decision to order additional diagnostic tests or treatment was a classic example of the exercise of medical judgment and did not represent cruel and unusual punishment.  Id. at 107.  A prisoner challenging official conduct that is alleged to violate the Eighth Amendment must demonstrate both (1) a sufficiently serious deprivation and (2) that officials acted with a sufficiently culpable state of mind.  Rhodes v. Chapman, 452 U.S. 337, 347-49 (1981); Wilson v. Seiter, 501 U.S. 294, 298 (1991).  An official's mere negligence or even medical malpractice does not constitute deliberate indifference.  Wilson at 305.

Assuming that plaintiff exhausted his administrative remedies against Dr. Snow, the claims against Dr. Snow would still be dismissed.  Plaintiff alleges deliberate indifference related to hip pain and pain and swelling in his left middle finger due to arthritis flare-ups in June, 2004. Plaintiff was seen July 27, 2004, by the RN who scheduled him with the physician for the next routine space available, which was 8/13/04.  At that time, plaintiff was seen by the doctor, medications were ordered for pain, and x-rays were ordered for the finger.  Plaintiff refused x-ray on August 20, 2004, saying that it was a waste of time because "they aren't going

to show anything." Plaintiff has failed to allege facts indicating deliberate indifference in violation of the Eighth Amendment, or even that he was denied timely medical are for a non-urgent matter by Dr. Snow. Plaintiffs allegations show a regular and ongoing course of medical treatment for his conditions and complaints. He has received medication, been offered x-rays, had annual check ups, and been provided other services. There are no facts alleged from which a reasonable trier of fact could conclude that Dr. Snow was deliberately indifferent to his needs.

**B. Renico:**

Plaintiff names "Renico" as an actor in the negligence allegations related to allegedly contaminated water at the St. Louis Facility during the time he was housed there. He does not identify Renico further or indicate how he was involved in the negligence. The grievance response summary on defendant Male (an MDOC defendant who was served) notes that the wells used by the City of St. Louis in supplying the facility and the community as a whole are located near a Superfund site. The water is processed through a softening and filtering system prior to coming into the facility. It had been tested and met the state guidelines for drinking water. Plaintiff alleged that the water had caused a rash, but it was not determined to be caused by the water. Plaintiff had been treated at Healthcare in March, 2004 and Mycolog II cream was ordered. At time of a follow up in June, 2004, plaintiff reported that he did not need to be seen because he was using the cream and the rash was improving. At an interview in connection with the September grievance on another defendant, plaintiff stated that he wanted a "paper trail" to be able to get the rights to bottled water. Plaintiff was advised that the facility water was tested monthly and no deficiencies had been found. Plaintiff has failed to show any facts supportive of negligence or a constitutional violation regardless of whether Renico is served.

**C. Spicer:**

With respect to Spicer, plaintiff makes no factual allegations sufficient to withstand a Rule 12(b)(6) motion if one were made. He fails to identify a date, place, location or other

- 4 -

factors which would enable the court to review his claim.  In addition, no federally protected liberty interest is at stake here.  Either a liberty interest or a property right must be implicated in order to state a claim for a denial of procedural due process.  "Process is not an end in itself.  Its constitutional purpose is to protect a substantive interest to which the individual has a legitimate claim of entitlement." *Olim v. Wakinekona,* 461 U.S. 238, 250 (1983).  In this case, a liberty interest was not implicated as plaintiff suffered no loss of good time credits as a result of his minor misconduct conviction and the sanctions he received do not represent a liberty interest recognized by the Constitution.  *See* Mich. Comp. Laws § 800.33; *see also Sandin v. Conner,* 515 U.S. 472, 483 (1995); *Wolff v. McDonnell,* 418 U.S. 539, 556-57 (1974).  The only process due plaintiff was an informal hearing that included notice of the charge, an opportunity to present his views (not necessarily in person), and a decision by an impartial decisionmaker. *See Zinermon v. Burch,* 494 U.S. 113, 127-28 (1990); *Hewitt v. Helms,* 459 U.S. 460, 472-76 (1983), *overruled on other grounds by Sandin v. Conner,* 515 U.S. 472 (1995); *Black v. Parke,* 4 F.3d 442, 447-48 (6th Cir.1993).  Plaintiff received the process to which he was due.  *Staffney v. Allen* 1999 WL 617967, *2 (C.A.6 (Mich. (C.A.6 (Mich.),1999)(unpublished)

**Conclusion**

Because plaintiff has failed to state a claim as to each of these incidents, and dismissal of the case has been recommended as to all defendants served and unserved, and because plaintiff has alleged no facts supportive of any constitutional violations, IT IS ORDERED THAT THE MOTION IS DENIED.


    s/Virginia M. Morgan
    Virginia M. Morgan
    United States Magistrate Judge

Dated:  March 12, 2008

**PROOF OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and plaintiff via the Court's ECF System and/or U. S. Mail on March 12, 2008.

                                                s/Jane Johnson
                                                Case Manager to
                                                Magistrate Judge Virginia M. Morgan